COURT OF APPEALS
DECISION
DATED AND FILED

April 3, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP472**

STATE OF WISCONSIN

Cir. Ct. No. 2023JC7

IN COURT OF APPEALS
DISTRICT IV

---

IN THE INTEREST OF S.G., A PERSON UNDER THE AGE OF 18:

S. G.,

PETITIONER-APPELLANT,

V.

WISCONSIN DEPARTMENT OF CHILDREN AND FAMILIES AND WAUPACA COUNTY,

RESPONDENTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Waupaca County: TROY L. NIELSEN, Judge. *Reversed*.

Before Kloppenburg, P.J., Blanchard, and Taylor, JJ.

¶1 TAYLOR, J. S.G. appeals an order of the Waupaca County Circuit Court dismissing a CHIPS petition that she filed on her own behalf.[1] At the time she filed her CHIPS petition, S.G. was a parentless child receiving services from the Wisconsin Department of Children and Families ("DCF") pursuant to a termination of parental rights ("TPR") order that was set to expire on her 18th birthday. S.G. filed the CHIPS petition in Waupaca County under WIS. STAT. § 48.13, and she requested that the court issue a one-year order to allow her to continue receiving services after her 18th birthday, through her high school graduation, as she transitioned to adulthood. Because she filed her petition less than two weeks before her 18th birthday, S.G. also requested that the court hold all of the required CHIPS hearings on one day as permitted by statute for uncontested CHIPS petitions.

¶2 After S.G. filed her CHIPS petition, the Waupaca County Corporation Counsel ("the Corporation Counsel") asked the circuit court to be added as a party to the CHIPS action pursuant to WIS. STAT. § 48.09(5). The Corporation Counsel also moved to dismiss S.G.'s action for improper venue, lack of jurisdiction, and lack of proof that S.G. was a child in need of protection or services. At the preliminary hearing on S.G.'s petition, the court interpreted § 48.09(5) as conferring party status on the Corporation Counsel, although the Corporation Counsel neither brought the CHIPS petition nor was named in the petition as a responding party, and on this basis the court allowed the Corporation Counsel to contest S.G.'s petition. Because there was not sufficient time to hold

---

[1] "CHIPS is the commonly used acronym to denote the phrase 'child in need of protection or services' as used in the Wisconsin Children's Code, [WIS. STAT. ch. 48 (2023-24)]." *Marinette County v. Tammy C.*, 219 Wis. 2d 206, 208 n.1, 579 N.W.2d 635 (1998). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

2

the required fact-finding hearing on the contested CHIPS petition before S.G. would turn 18, the court concluded that it was required to dismiss S.G.'s CHIPS action. S.G. appeals the court's order dismissing her action.

¶3 On appeal, S.G. argues that WIS. STAT. § 48.09(5) does not confer party status on a corporation counsel in a CHIPS action when they are not a petitioner. S.G. concedes that this issue is moot because she has already turned 18, but she contends that we should address this issue under one of the exceptions to the mootness doctrine.

¶4 We conclude that the issue of the Corporation Counsel's party status under WIS. STAT. § 48.09(5) falls within multiple exceptions to the mootness doctrine, and we therefore exercise our discretion to address this issue. Taking up the merits, we separately conclude that § 48.09(5) does not confer party status on a corporation counsel in a CHIPS action arising under WIS. STAT. § 48.13 when they are not a petitioner. Accordingly, we reverse.

## BACKGROUND

¶5 There is no dispute as to the following material facts.

¶6 S.G. was born in Georgia on April 21, 2005. The parental rights of her biological parents were terminated when she was a young child, and she was initially placed with her aunt in Georgia. After her aunt, with whom she had been living, failed a drug test, S.G. was placed with her grandmother in Wisconsin in 2007. While living with her grandmother, S.G. witnessed domestic violence and suffered sexual abuse by her step-grandfather.

¶7 In 2010, S.G. was removed from her grandmother's home and placed in foster care. S.G. lived in three different foster homes before being

placed with the Grants in 2011, who eventually adopted S.G. in 2012.[2] While living with the Grants, S.G. suffered physical abuse, torture, and emotional abuse and neglect.

¶8    In 2018, S.G. was removed from the Grants' home pursuant to a CHIPS order issued by the Vernon County Circuit Court. The Grants' parental rights were terminated in 2021 pursuant to a TPR order issued by the same court. S.G. was not adopted at the end of the TPR proceedings, and the TPR order appointed DCF to be S.G.'s legal guardian.[3] On the same day that it issued the TPR order, the court dismissed the earlier CHIPS order that had removed S.G. from the Grants' home.

¶9    In the years following S.G.'s removal from the Grants' home, S.G. was placed in multiple foster homes and group homes around Wisconsin. During this time, S.G. attended high school virtually and in person, and she was on track to graduate in June 2023. She had also been accepted to a university for the fall of 2023 and had been hired to paint dorm rooms on campus in the summer before her first semester. On April 7, 2023, just two weeks before her 18th birthday, S.G. was placed in a foster home in Waupaca County.

---

[2] Following the parties' lead, we refer to S.G.'s adoptive parents with the pseudonym "the Grants" to preserve confidentiality. *See* WIS. STAT. RULE 809.81(8).

[3] When a circuit court enters a TPR order, it must identify the "agency or individual" that has received or will be receiving guardianship of the child. WIS. STAT. § 48.43(1)(a); *see also* WIS. STAT. § 48.48(3) (authorizing DCF to "accept guardianship of children when appointed by the court"). If the court designates DCF as the child's guardian, the court must order the child "into the placement and care responsibility of [DCF]" and must assign DCF "primary responsibility for providing services to the child." Sec. 48.43(1)(am).

4

¶10 On April 11, 2023, S.G. signed a CHIPS petition and, through her counsel, filed it on her own behalf in the Waupaca County Circuit Court, pursuant to WIS. STAT. § 48.13(9).[4] In her petition, S.G. asked the court to issue a one-year CHIPS order so that she could continue accessing public services and benefits after her 18th birthday in order to help her "manage her mental health and gain the independent living skills that she needs."[5] In a separate letter to the court, S.G. further explained that she would be turning 18 before she graduated from high school and would need access to services through her high school graduation in June 2023, but DCF (her legal guardian) was not authorized to provide services

---

[4] As relevant here, the circuit court has jurisdiction in a CHIPS proceeding if a child who is at least 12 years old signs the CHIPS petition and alleges that he or she "is in need of special treatment or care which the parent, guardian or legal custodian is unwilling, neglecting, unable or needs assistance to provide." WIS. STAT. § 48.13(9). Additionally, the CHIPS petition may be filed by "[t]he counsel or guardian ad litem for a parent, relative, guardian or child." WIS. STAT. § 48.25(1).

[5] Under WIS. STAT. § 48.355(4)(b), a CHIPS order arising under WIS. STAT. § 48.13 may terminate after the child's 18th birthday. In relevant part, § 48.355(4)(b) states:

> [A]n order under this section … made before the child reaches 18 years of age that places or continues the placement of the child in a foster home, group home, or residential care center for children and youth, … shall terminate on the latest of the following dates, unless the judge specifies a shorter period or the judge terminates the order sooner:
>
> 1. The date on which the child attains 18 years of age.
>
> 2. The date that is one year after the date on which the order is granted.
>
> 3. The date on which the child is granted a high school … diploma or the date on which the child attains 19 years of age, whichever occurs first, if the child is a full-time student at a secondary school … and is reasonably expected to complete the program before attaining 19 years of age.

5

after the Vernon County Circuit Court TPR order would expire on her 18th birthday.[6]

¶11    The circuit court scheduled a plea hearing for April 19, 2023, just two days before S.G.'s 18th birthday.  Given the tight timeline, S.G. asked the court to hold the dispositional hearing on the same day as the plea hearing.  DCF, as S.G.'s legal guardian and the respondent in the action, did not object to S.G.'s petition or her request for an expedited hearing schedule.[7]

¶12    On April 13, two days after S.G. filed her CHIPS petition, the Corporation Counsel wrote a letter to the circuit court requesting that the Corporation Counsel be added as an "interested party" to S.G.'s CHIPS action pursuant to WIS. STAT. § 48.09(5).  This statute provides, in relevant part, that "[t]he interests of the public shall be represented in proceedings under this chapter … [b]y the district attorney or, if designated by the county board of supervisors, by the corporation counsel, in any matter arising under [WIS. STAT. §§] 48.13, 48.133, or 48.977 or, if applicable, [§] 48.9795."  Sec. 48.09(5).  On April 18, the day before the scheduled plea hearing, the Corporation Counsel moved to dismiss S.G.'s CHIPS action for improper venue, lack of jurisdiction, and lack of proof

---

[6] Here, there is no dispute that the Vernon County Circuit Court TPR order assigning DCF as guardian of S.G. expired on S.G.'s 18th birthday and that there were no applicable statutory exceptions that would authorize DCF to continue providing services to S.G. after her 18th birthday.  *See, e.g.*, WIS. STAT. § 48.366(3) (authorizing DCF to provide services after a child's 18th birthday under a voluntary "transition-to-independent-living agreement").

[7] When a CHIPS petition is filed, the circuit court must hold a "plea hearing" to determine "whether any party wishes to contest an allegation that the child … is in need of protection or services."  WIS. STAT. § 48.30(1).  If the petition is not contested and the parties give consent, "the court may proceed immediately with the dispositional hearing."  Sec. 48.30(6)(a).  At the end of the dispositional hearing, the court must issue an order granting or denying the CHIPS petition.  WIS. STAT. § 48.335(5).

that S.G. was a child in need of protection and services. The Corporation Counsel also objected to S.G.'s request to hold the dispositional hearing on the same day as the plea hearing.

¶13 At the April 19 hearing, both S.G. and the Corporation Counsel gave oral arguments as to whether a corporation counsel is conferred party status under WIS. STAT. § 48.09(5) when the corporation counsel is not a petitioner. After hearing the arguments, the circuit court concluded that § 48.09(5) confers party status on a corporation counsel even when the corporation counsel is not a petitioner. The court took the position that WIS. STAT. ch. 48 is written with the assumption that a corporation counsel, as the entity representing the interests of the public under § 48.09(5), would also be the entity filing the CHIPS petition. The court further said that, because a corporation counsel has the right to file a CHIPS petition, the corporation counsel must also have the statutory right to party status under § 48.09(5) when the CHIPS petition is filed by another individual or entity.

¶14 After concluding that the Corporation Counsel here was authorized to act as a party in the CHIPS action under WIS. STAT. § 48.09(5), the circuit court asked the Corporation Counsel whether the Corporation Counsel was contesting S.G.'s CHIPS petition.[8] The Corporation Counsel responded that the Corporation Counsel was contesting S.G.'s assertion that she was in need of services. As a result, the court determined that it could not immediately proceed with the

---

[8] "If a petition alleges that a child is in need of protection or services under [WIS. STAT. §] 48.13 …, the *nonpetitioning parties* and the child, if he or she is 12 years of age or older or is otherwise competent to do so, shall state whether they desire to contest the petition." WIS. STAT. § 48.30(3) (emphasis added). This statute does not define which individuals or entities qualify as "nonpetitioning parties."

7

dispositional hearing as S.G. had requested and that it was instead required to schedule a fact-finding hearing on a date that would allow reasonable time for the parties to prepare.[9] However, the court would lose competency to issue a CHIPS order when S.G. turned 18 two days later, *see* WIS. STAT. § 48.355(4)(b) (requiring CHIPS orders to be issued "before the child reaches 18 years of age"); *see also **Michael J.L. v. State***, 174 Wis. 2d 131, 139, 496 N.W.2d 758 (Ct. App. 1993) ("Mandatory statutory time provisions are included among those mandates that must be complied with for a circuit court to have competency to act."). Therefore, the court determined that there was not reasonable time for the parties to prepare for a fact-finding hearing and concluded that it was required to dismiss S.G.'s CHIPS action.

¶15     S.G. moved for reconsideration the following day (the day before her 18th birthday), arguing that the context and structure of WIS. STAT. ch. 48 show that the Corporation Counsel was not conferred party status for her CHIPS action and therefore the Corporation Counsel lacked the authority to contest the petition. Later that day, the circuit court denied S.G.'s motion. The court said that it was not taking a position on S.G.'s legal arguments because S.G. would be turning 18 in a matter of hours and the court had not received responses from DCF or the Corporation Counsel to S.G.'s reconsideration motion.

---

[9] "If the petition is contested, the court … shall set a date for the fact-finding hearing which allows reasonable time for the parties to prepare but is … no more than 30 days after the plea hearing." WIS. STAT. § 48.30(7).

¶16    On April 21, 2023, S.G. turned 18 and the circuit court lost competency to enter a CHIPS order.  *See* WIS. STAT. § 48.355(4)(b).  S.G. appeals the order dismissing her CHIPS action.[10]

## DISCUSSION

¶17    On appeal, there is no dispute that a corporation counsel can be, and often is, a petitioner in a CHIPS action.  WIS. STAT. § 48.25(1).[11]  Instead, the central issue on appeal is whether a corporation counsel is a party as a statutory right pursuant to WIS. STAT. § 48.09(5) in a CHIPS action arising under WIS. STAT. § 48.13 when they are not a petitioner.  S.G. argues that here the Corporation Counsel was not authorized by § 48.09(5) to act as a party to the CHIPS action she commenced.  In support, S.G. points out that a CHIPS petition may be signed and filed by an individual other than a corporation counsel, *see* WIS. STAT. §§ 48.13(4), (9) and 48.25(1), and that the statutory procedures for a CHIPS action arising under § 48.13 do not require that a corporation counsel receive notice of the petition or notice of hearings when the corporation counsel is not a petitioner.  S.G. concedes that this issue is moot, but she argues that multiple exceptions to the mootness doctrine apply.  The Corporation Counsel argues that we should dismiss the appeal as moot.  The Corporation Counsel also contends that they were conferred party status under § 48.09(5) and were therefore

_____

[10] On appeal, both DCF and Waupaca County are named as respondents.  DCF filed a letter with this court stating that it would not be filing a response brief in this appeal.

[11] As noted, WIS. STAT. § 48.09(5) also authorizes the "district attorney" to represent the "interests of the public" in a CHIPS action arising under WIS. STAT. § 48.13.  For the purposes of this opinion, we reference only the corporation counsel because that office is the entity that Waupaca County has designated to represent the interests of the public.  However, our analysis applies equally to district attorneys in counties in which those offices are designated to represent the interests of the public under § 48.09(5).

9

authorized to contest S.G.'s CHIPS petition.[12]  For the following reasons, we conclude that several exceptions to mootness apply and, separately, that § 48.09(5) does not confer party status on a corporation counsel in a CHIPS action arising under § 48.13 when they are not a petitioner.[13]

## I.  Mootness

### A.  Standard of Review

¶18    "An issue is moot when its resolution will have no practical effect on the underlying controversy." ***Portage County v. J.W.K.***, 2019 WI 54, ¶11, 386 Wis. 2d 672, 927 N.W.2d 509 (citation omitted).  Appellate courts generally decline to address moot issues and will ordinarily dismiss an appeal if all the issues are moot. ***Id.***, ¶12.  Whether an issue has a practical effect on the underlying controversy is a question of law that we review de novo. ***Id.***, ¶10.

¶19    We may choose to address a moot issue if it fits into one or more of the following exceptions to the doctrine of mootness:  "(1) the issue is of great public importance; (2) the constitutionality of a statute is involved; (3) the issue

---

[12] The Corporation Counsel did not argue in the circuit court that the Corporation Counsel was authorized to intervene as an interested person pursuant to WIS. STAT. § 803.09(1), which is a legal determination. ***Helgeland v. Wisconsin Muns.***, 2008 WI 9, ¶41, 307 Wis. 2d 1, 745 N.W.2d 1.  The Corporation Counsel also did not ask the court for permissive intervention under § 803.09(2), which is a determination that is left to the circuit court's discretion. ***Id.***, ¶120. To the extent that the Corporation Counsel intends to raise an alternative argument on appeal for party status under § 803.09, we conclude that the Corporation Counsel has forfeited that argument. *See* ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727 (issues that are not preserved at the circuit court generally will not be considered on appeal).

[13] For the purposes of this appeal, we consider only whether WIS. STAT. § 48.09(5) confers party status on a corporation counsel in a CHIPS action arising under WIS. STAT. § 48.13 because that is the statutory basis for S.G.'s petition.  We express no opinion as to whether § 48.09(5) confers party status on a corporation counsel in actions arising under the other statutes listed in § 48.09(5)—*i.e.*, actions arising under WIS. STAT. §§ 48.133, 48.977, and 48.9795.

arises often, making a definitive decision necessary to guide circuit courts; (4) the issue is likely to arise again and needs to be resolved to avoid uncertainty; or (5) the issue is 'likely of repetition and evades review.'" ***Outagamie County v. C.J.A.***, 2022 WI App 36, ¶8, 404 Wis. 2d 1, 978 N.W.2d 493 (citation omitted).

## B.  Mootness Exceptions Apply

¶20     As noted, S.G. concedes the mootness of the issue she raises in this appeal.  Nevertheless, she argues, we should address the issue because it fits into both the exception for issues of great public importance and the exception for issues that are likely to arise again and need to be resolved to avoid uncertainty.[14] For the following reasons, we conclude that both of these exceptions apply here.[15]

¶21     First, we conclude that this issue is of great public importance. Whether a corporation counsel is conferred party status under WIS. STAT. § 48.09(5) when they are not a petitioner directly bears on their ability to contest and potentially defeat a CHIPS action that they did not initiate.  As a result, a corporation counsel's authority to act as a party under § 48.09(5) can directly affect a child's ability to obtain protection and services under a CHIPS order when

---

[14] S.G. also argues that this issue fits into the exception for issues that are likely of repetition yet evade review.  We conclude that this exception does not apply because our supreme court has determined that this exception is "limited to situations involving 'a reasonable expectation that the <u>same</u> complaining party would be subjected to the <u>same action</u> again.'" ***Portage County v. J.W.K.***, 2019 WI 54, ¶30, 386 Wis. 2d 672, 927 N.W.2d 509 (citation omitted).  Here, S.G. has already turned 18, so she will not be subjected to this issue again in the future.

[15] The Corporation Counsel also argues that we should affirm the dismissal of S.G.'s CHIPS action on the alternative ground of improper venue.  This issue of venue—like the issue of a corporation counsel's party status under WIS. STAT. § 48.09(5)—is moot because it will have no practical effect on the outcome of this case.  The Corporation Counsel does not develop any argument that the venue issue fits into any of the exceptions to the mootness doctrine.  Therefore, we decline to exercise our discretion to address the moot issue of venue.

the corporation counsel is not a petitioner. The resolution of this issue is particularly important to parentless children such as S.G. who are receiving services from DCF under TPR orders but who will turn 18 before their high school graduations and will continue to need services. Because DCF often lacks authority to provide services after the expiration of TPR orders on children's 18th birthdays, CHIPS actions are the only mechanism for these parentless children who lack family support systems to receive support and services in their transitions to adulthood. These young people are often among the most vulnerable and disadvantaged children in the state, and the legislature has recognized that their health, safety, and development are of paramount importance. *See* WIS. STAT. § 48.01(1)(ag), (bg)1.

¶22 Second, we conclude that this issue is likely to arise again and should be addressed to resolve uncertainty. As noted, WIS. STAT. ch. 48 provides mechanisms for an individual or entity other than a corporation counsel to sign and file a CHIPS petition under WIS. STAT. § 48.13. *See* § 48.13(4), (9) (a CHIPS petition may be signed by the child or the child's parent or guardian); WIS. STAT. § 48.25(1) (a CHIPS petition may be filed by the counsel or guardian ad litem for a parent, relative, guardian, or child). We see no reason to doubt that there have been in the past and will be in the future parentless children, similarly situated to S.G., who are receiving services under TPR orders that will expire when the individuals turn 18 but before they graduate from high school. It is easy to anticipate that in such a case, when such an individual files a CHIPS petition alleging that the individual continues to need protection and services, a corporation counsel may attempt to participate as a party pursuant to WIS. STAT. § 48.09(5). In this circumstance, the question of a corporation counsel's authority to act as a party under § 48.09(5) in the CHIPS action is likely to arise.

Additionally, because this is a matter of first impression, interested persons and circuit courts will benefit from guidance on how to interpret and apply § 48.09(5) when this issue arises in the future.

## II.  The Corporation Counsel's Party Status

¶23     As noted, the central dispute in this appeal is whether WIS. STAT. § 48.09(5) confers party status on a corporation counsel in a CHIPS action arising under WIS. STAT. § 48.13 when the corporation counsel is not a petitioner. Because this issue requires us to interpret the language of § 48.09(5), we begin by setting forth the standard of review and the well-established legal principles of statutory interpretation.

### A.  Standard of Review and Legal Principles of Statutory Interpretation

¶24     "The purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *Heritage Farms, Inc. v. Markel Ins. Co.*, 2012 WI 26, ¶26, 339 Wis. 2d 125, 810 N.W.2d 465 (citation omitted).  We begin our analysis by examining the language of the statute itself because we assume that the legislature's intent is expressed in the statutory language.  *Id.*  We give statutory language its "common, ordinary, and accepted meaning."  *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.

¶25     In addition to the text of the statute, our statutory interpretation analysis may include considering the statute's context, structure, and purpose, as long as these elements "are ascertainable from the text and structure of the statute itself, rather than extrinsic sources, such as legislative history."  *Id.*, ¶48. Statutory language is interpreted "not in isolation but as part of a whole; in relation

13

to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. Further, the meaning of a statute "cannot contravene a textually or contextually manifest statutory purpose." *Id.*, ¶49.

¶26 If a statute's language, context, structure, and purpose yield a "plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.*, ¶46 (citation omitted). By contrast, if this interpretive process "reasonably" gives rise to different meanings of the statute, we may consult extrinsic evidence and other interpretive resources outside the statutory text to help determine the meaning of the statutory language. *Id.*, ¶¶47, 50. The interpretation and application of a statute are questions of law that we review de novo. *Heritage Farms*, 339 Wis. 2d 125, ¶24.

**B. Statutory Interpretation of WIS. STAT. § 48.09(5)**

1. Statutory Language

¶27 We begin our statutory analysis by examining the language of the statute itself. To repeat, WIS. STAT. § 48.09(5) provides, in relevant part, that "[t]he interests of the public shall be represented in proceedings under this chapter … [b]y the district attorney or, if designated by the county board of supervisors, by the corporation counsel, in any matter arising under [WIS. STAT. §§] 48.13, 48.133, or 48.977 or, if applicable, [§] 48.9795." S.G. argues that this language merely designates the corporation counsel as the representative of the "interests of the public" in certain proceedings under WIS. STAT. ch. 48 and does not confer party status on the corporation counsel when the corporation counsel is not a petitioner. In contrast, the Corporation Counsel argues that this statute automatically confers party status on a corporation counsel because the statute

14

states that "the interests of the public shall be represented" in certain proceedings under ch. 48.

¶28    We conclude that the language of WIS. STAT. § 48.09(5), on its own, does not answer this question.  Although § 48.09(5) states that the "interests of the public" shall be represented by a corporation counsel in certain types of actions under WIS. STAT. ch. 48, it does not state that the "interests of the public" must always be represented in those actions.  Beyond that point, the statute does not expressly address whether a corporation counsel's obligation to represent the "interests of the public" confers party status on the corporation counsel in a CHIPS action arising under WIS. STAT. § 48.13 when the corporation counsel is not a petitioner.  However, when we consider this language within the context, structure, and purpose of ch. 48, we conclude that § 48.09(5) is not ambiguous and does not confer party status on a corporation counsel in a CHIPS action arising under § 48.13 when they are not a petitioner.

## 2.  Context and Structure

¶29    We now consider the context and structure of closely-related statutes.  As we now explain, the legislature's intent behind WIS. STAT. § 48.09(5) is evident from two contextual sources:  (1) the statutory procedures governing CHIPS actions arising under WIS. STAT. § 48.13; and (2) the statutory procedures governing guardianship actions arising under WIS. STAT. §§ 48.977 and 48.9795. These two aspects of WIS. STAT. ch. 48 demonstrate that the legislature did not intend to confer party status on a corporation counsel in a CHIPS action arising under § 48.13 when they are not a petitioner.

¶30    Turning to the first of these contextual sources of the legislature's intent, a CHIPS petition arising under WIS. STAT. § 48.13 must be "signed by a

15

person who has knowledge of the facts alleged or is informed of them and believes them to be true." WIS. STAT. § 48.25(1). The legislature has explicitly recognized that the person signing the petition may be the child in need of protection and services, if the child is at least twelve years old, § 48.13(9), or the child's parent or guardian, § 48.13(4).[16] Additionally, a CHIPS petition arising under § 48.13 may be filed not just by "[t]he district attorney, corporation counsel or other appropriate official" specified under WIS. STAT. § 48.09, but also by "[t]he counsel or guardian ad litem for a parent, relative, guardian or child." Sec. 48.25(1). These provisions explicitly authorize individuals other than a corporation counsel to sign and file CHIPS petitions.[17] Accordingly, both §§ 48.13 and 48.25(1) suggest that the legislature did not consider a corporation counsel to be a required petitioner in a CHIPS action.

¶31 Further on this point, WIS. STAT. ch. 48 identifies the individuals who are required to receive a copy of a CHIPS petition filed under WIS. STAT. § 48.13 and notice of the hearings on that petition. Under WIS. STAT. § 48.255, a copy of the CHIPS petition "shall be given to the child if the child is 12 years of age or over and to a parent, guardian, legal custodian, and physical custodian." Sec. 48.255(4). Notably absent from this list is a corporation counsel. Similarly, under WIS. STAT. § 48.27, the circuit court "shall notify … the child, any parent,

---

[16] The child may sign the petition if the child is "at least age 12" and the petition alleges that the child "is in need of special treatment or care which the parent, guardian or legal custodian is unwilling, neglecting, unable or needs assistance to provide." WIS. STAT. § 48.13(9). The child's parent or guardian may sign the petition if the petition alleges that the parent or guardian "is unable or needs assistance to care for or provide necessary special treatment or care for the child." Sec. 48.13(4).

[17] Here, as noted, S.G. signed the CHIPS petition and, through her counsel, filed the petition on her own behalf.

16

guardian, and legal custodian of the child, any foster parent or other physical custodian … of the child, … and [other individuals not applicable here] of all hearings involving the child." Sec. 48.27(3)(a)1. Again, a corporation counsel is notably absent from this list. Taken together, these statutes establish that a corporation counsel is not required to receive a copy of a CHIPS petition arising under § 48.13 or notice of the hearings regarding that petition. By not requiring that the corporation counsel receive notice of the CHIPS petition or notice of the hearings on that petition when another petitioner initiates a CHIPS action arising under § 48.13, these statutes indicate that the legislature did not consider the participation of a corporation counsel in the subsequent CHIPS proceedings to be necessary or required.

¶32 Because the legislature authorized individuals other than a corporation counsel to file a CHIPS petition arising under WIS. STAT. § 48.13 and excluded a corporation counsel from receiving notice of the petition and hearings in such an action, it follows that the legislature did not intend for WIS. STAT. § 48.09(5) to confer party status on a corporation counsel in a CHIPS action arising under § 48.13 when they are not a petitioner. We see no reason why the legislature would confer party status on a corporation counsel under § 48.09(5) in a CHIPS action arising under § 48.13—and thereby allow a corporation counsel to contest a CHIPS petition—but then expressly exclude the corporation counsel from receiving any notice that the petition was filed or any notice of hearings scheduled on that petition. *See **Kalal***, 271 Wis. 2d 633, ¶46 (statutory language must be interpreted "reasonably, to avoid absurd or unreasonable results"). Therefore, these statutory procedures strongly support the view that the legislature did not intend for § 48.09(5) to confer party status on a corporation counsel in a CHIPS action arising under § 48.13 when they are not a petitioner.

¶33    Here, the Corporation Counsel's only response to the procedural provisions of WIS. STAT. §§ 48.255(4) and 48.27(3)(a)1. discussed above is that those provisions are not instructive because they do not explicitly prohibit a corporation counsel from acting as a party in a CHIPS action that they did not initiate. We are not persuaded. Although these statutes do not explicitly address whether a corporation counsel is a party, they nevertheless shed light on the legislature's intent behind WIS. STAT. § 48.09(5) in not treating a corporation counsel as a party required to receive notice of the CHIPS petition or notice of subsequent circuit court hearings on the petition. *See id.*, ¶48. As explained above, the fact that a corporation counsel is not required to receive a copy of the petition or notices of the hearings demonstrates that their participation in these proceedings is not necessary or required. This signals that the legislature did not intend for § 48.09(5) to confer party status on a corporation counsel in a CHIPS action arising under WIS. STAT. § 48.13 that they did not initiate.

¶34    This brings us to the second contextual source of the legislature's intent behind WIS. STAT. § 48.09(5), which involves a corporation counsel's statutory authority in other types of WIS. STAT. ch. 48 actions in which the corporation counsel represents the "interests of the public" under § 48.09(5). One example is a corporation counsel's authority in actions arising under WIS. STAT. § 48.977, the statute governing guardianships for children in need of protection or services. Like CHIPS petitions arising under WIS. STAT. § 48.13, guardianship petitions arising under § 48.977 may be filed by a corporation counsel or by a child, the child's guardian, the child's guardian ad litem, the child's parent, or the person with whom the child is placed. Sec. 48.977(4)(a). However, unlike the notice requirements for a CHIPS action arising under § 48.13, the petitioner in a guardianship action arising under § 48.977 must provide a corporation counsel

with a copy of the petition and notice of the guardianship hearing even when the corporation counsel is not a petitioner. Sec. 48.977(4)(c)1.h. When compared with the procedures for CHIPS actions arising under § 48.13 discussed above, this suggests that the legislature envisioned a greater level of involvement for a corporation counsel in a guardianship action arising under § 48.977 than in a CHIPS action arising under § 48.13 when the corporation counsel is not a petitioner.

¶35 The statutory authority that applies to a corporation counsel is even clearer under WIS. STAT. § 48.9795, the statute governing "private" guardianships of a child's person.[18] Under this statute, the term "party" is defined, in relevant part, as "the person petitioning for the appointment of a guardian for a child or *any interested person*." Sec. 48.9795(1)(b) (emphasis added). The phrase "interested person" is defined, in relevant part, as the child, the child's guardian ad litem and counsel, and the child's parent, guardian, legal custodian, and physical custodian. Sec. 48.9795(1)(a)1. Additionally, if the child is "receiving or in need of any public services or benefits," then the phrase "interested person" includes the county department of human or social services "through the district attorney, corporation counsel, or other official designated under [WIS. STAT. §] 48.09." Sec. 48.9795(1)(a)1.f. This statute states that the petitioner must provide a copy of the guardianship petition and notice of the hearing to "all interested persons,"

---

[18] A guardianship under WIS. STAT. § 48.9795 is informally referred to as a "private" guardianship. *See B.K. v. A.Z.*, Nos. 2022AP492 and 2022AP493, unpublished slip op. ¶1 n.1 (WI App Feb. 16, 2023) (citing 2019 Wis. Act 109). This is because, unlike other types of guardianships under WIS. STAT. ch. 48, guardianships under § 48.9795 do not require involvement by the child welfare system. *See* Joint Legislative Council Prefatory Note, 2019, § 48.9795. For instance, a guardianship petition under § 48.9795 does not need to allege that the child has been "adjudged in need of protection or services." *Compare* WIS. STAT. § 48.977(4)(b)3. *with* § 48.9795(4)(b).

§ 48.9795(4)(c)1., and that "any party" may contest the petition at the hearing, § 48.9795(4)(e)1. Accordingly, these provisions show the legislature's intent to give a corporation counsel a greater level of involvement in a guardianship action arising under § 48.9795 than in a CHIPS action arising under WIS. STAT. § 48.13.

¶36 These provisions in WIS. STAT. §§ 48.977 and 48.9795 illustrate that the legislature knows how to define a corporation counsel's role with respect to petitions under WIS. STAT. ch. 48 when the corporation counsel is not a petitioner. Because the legislature did not include similar language establishing a corporation counsel's role in a CHIPS action arising under WIS. STAT. § 48.13 when the corporation counsel is not a petitioner, it is reasonable to infer that the legislature did not intend to confer party status on a corporation counsel in a CHIPS action arising under § 48.13 when they are not a petitioner. In other words, if the legislature had wanted to confer party status on a corporation counsel under § 48.13 when the corporation counsel is not a petitioner, it could have, and presumably would have, expressly done so by adopting similar language as that incorporated in §§ 48.977 and 48.9795. *See State v. Shirley E.*, 2006 WI 129, ¶44, 298 Wis. 2d 1, 724 N.W.2d 623 ("If the legislature wanted the right to counsel to be contingent upon a parent's appearance in person, it could have expressly stated so. The legislature, in constructing chapter 48, knew how to require personal attendance at a termination of parental rights proceeding.").

¶37 In sum, the context and structure of closely-related statutes strongly support the view that the legislature did not intend for WIS. STAT. § 48.09(5) to confer party status on a corporation counsel in a CHIPS action arising under WIS. STAT. § 48.13 when they are not a petitioner.

### 3. Statutory Purpose

¶38    A statute's manifest purpose is also relevant to determining its meaning because the meaning of the statute "cannot contravene a textually or contextually manifest statutory purpose." *Kalal*, 271 Wis. 2d 633, ¶49.  Here, the legislature has instructed that WIS. STAT. ch. 48 "shall be liberally construed" to effectuate a number of "express legislative purposes."   WIS. STAT. § 48.01(1). One such "express legislative purpose" is:

> To recognize that children have certain basic needs which must be provided for, including the need for adequate food, clothing and shelter; the need to be free from physical, sexual or emotional injury or exploitation; the need to develop physically, mentally and emotionally to their potential; and the need for a safe and permanent family.

Sec. 48.01(1)(ag).  Another such express legislative purpose is:

> To ensure that children are protected against the harmful effects resulting from the absence of parents or parent substitutes, from the inability, other than financial inability, of parents or parent substitutes to provide care and protection for their children and from the destructive behavior of parents or parent substitutes in providing care and protection for their children.

Sec. 48.01(1)(bg)1.

¶39    Here, the Corporation Counsel's interpretation of WIS. STAT. § 48.09(5) runs contrary to these express purposes.  The Corporation Counsel asks us to interpret § 48.09(5) to confer party status on a corporation counsel in a CHIPS action even when they are not a petitioner.  This interpretation would allow a corporation counsel to contest a CHIPS petition sought by a child, parent, or guardian and potentially prevent the child from receiving the protection or services that a circuit court might correctly determine the child needs.  *See* WIS. STAT.

§ 48.01(1)(ag) and (bg)1. (statutes should be construed to allow children to "develop physically, mentally and emotionally to their potential" and to protect children from the "harmful effects resulting from the absence of parents or parent substitutes"). In sum on this issue, the express purposes of WIS. STAT. ch. 48 provide further support for our conclusion that § 48.09(5) does not confer party status on a corporation counsel in a CHIPS action arising under WIS. STAT. § 48.13 when they are not a petitioner.

## CONCLUSION

¶40    For the foregoing reasons, the order of the circuit court is reversed.

*By the Court.*—Order reversed.

Recommended for publication in the official reports.